ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
VALERIE BLUE,                                                                      Case No.:

                       Plaintiff,                        COMPLAINT AND
                                                               JURY DEMAND

     -against-

THE CITY OF NEW YORK, POLICE OFFICER EHTASHAM
KAHN, DETECTIVE CHRISTOPHER JENNINGS,
DETECTIVE WALTER MARIN, DETECTIVE FAWAD
KHAN and DETECTIVE JOSEPH SPATARO,

                       Defendants.
-------------------------------------------------------------------------X

       Plaintiff, VALERIE BLUE, by and through her attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

       1.      This is an action for the wrongful acts of Defendants THE CITY OF NEW YORK, POLICE OFFICER EHTASHAM KAHN, DETECTIVE CHRISTOPHER JENNINGS, DETECTIVE WALTER MARIN, DETECTIVE FAWAD KHAN and DETECTIVE JOSEPH SPATARO, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

       2.      Plaintiff, VALERIE BLUE, alleges that beginning on or about November 13, 2013, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, maliciously prosecuting Plaintiff, intentionally

and/or negligently inflicting severe physical injuries and severe emotional distress, negligence in the hiring and retaining of incompetent and unfit officers and detectives, negligence in the training, instruction and supervision of its officers and detectives, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing in Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. POLICE OFFICER EHTASHAM KAHN was at all times relevant to this action, a Police Officer employed by the New York City Police Department, and acting under the color

of state law. Upon information and belief, POLICE OFFICER EHTASHAM KAHN was assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. DETECTIVE CHRISTOPHER JENNINGS was at all times relevant to this action, a Detective employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DETECTIVE CHRISTOPHER JENNINGS was assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. DETECTIVE WALTER MARIN was at all times relevant to this action, a Detective employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DETECTIVE WALTER MARIN was assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. DETECTIVE FAWAD KHAN was at all times relevant to this action, a Detective employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DETECTIVE FAWAD KHAN was assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

13. DETECTIVE JOSEPH SPATARO was at all times relevant to this action, a Detective employed by the New York City Police Department, and acting under the color of state law.  Upon information and belief, DETECTIVE JOSEPH SPATARO was assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

14. At all times relevant hereto and in all their actions described herein, defendants POLICE OFFICER EHTASHAM KAHN, DETECTIVE CHRISTOPHER JENNINGS, DETECTIVE WALTER MARIN, DETECTIVE FAWAD KHAN and DETECTIVE JOSEPH SPATARO were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment, and incidental to their otherwise lawful duties and functions as agents, servants and employees.

14. At all times relevant hereto, THE CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER EHTASHAM KAHN, DETECTIVE CHRISTOPHER JENNINGS, DETECTIVE WALTER MARIN, DETECTIVE FAWAD KHAN and DETECTIVE JOSEPH SPATARO.

15. At all times relevant hereto, Defendant THE CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

16. At all times mentioned herein, the Defendant THE CITY OF NEW YORK, knew or should have known of the bias, poor judgment, abusive and other unlawful propensities of the

officers involved in the violation of civil rights, use of excessive force in effecting arrest, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

17. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

FACTUAL BACKGROUND

18. At all times relevant to this action, Plaintiff VALERIE BLUE resided in a room located at 49 Albany Avenue - 3rd Floor, Brooklyn, New York.

19. At all times relevant herein, Plaintiff paid MH, the owner of the premises, a monthly rent to reside at 49 Albany Avenue, Brooklyn, New York.

20. That 49 Albany Avenue, Brooklyn, New York is a legal two-family dwelling with one unit on the first and second floors, and a second unit on the third and fourth floors.

21. Upon information and belief, on or about November 8, 2013, Defendant POLICE OFFICER KHAN EHTASHAM was issued a "no-knock" warrant for the purposes of searching 49 Albany Avenue, Brooklyn, New York.

22. Upon information and belief, the only target in the warrant was AR, a black male, 28-32 years of age, approximately 6'0 tall, weighing approximately 350 pounds and residing in a room at 49 Albany Avenue, Brooklyn, New York.

23. On or about November 13, 2013 at approximately 6:30 A.M. the Plaintiff was awoken by banging noises coming from within the subject premises.

24. Immediately thereafter, two male police officers kicked down the door to the plaintiff's room, threw the plaintiff off of her bed and onto the floor.

25. That the Plaintiff's stomach, face and other front parts of her body struck the floor.

26. Upon being slammed onto the floor, the Plaintiff suffered immediate pain and discomfort.

27. That one of police then shoved his foot into the plaintiff's back.

28. That both police officers caused their firearms to be pointed at the plaintiff.

29. Upon discovering that the plaintiff was not dressed, the male police officers called for a female officer to come into the room.

30. That plaintiff was instructed to get dressed and was then handcuffed by the female officer.

31. The plaintiff notified the defendant Police Officer's that she had rented the room from the landlord for approximately two years.

32. The defendant police officers then searched the plaintiff and her room.

33. That plaintiff was removed from her room and was brought to the ground floor of 49 Albany Avenue, Brooklyn, New York.

34. That no drugs or contraband was recovered from the plaintiff's room.

35. That the plaintiff was never shown a warrant to conduct a search of her room.

36. Approximately twenty minutes after being brought to the main floor of 49 Albany Avenue, Brooklyn, New York, the plaintiff was then advised that she was under arrest.

37. That despite repeated attempts to ascertain the basis for her arrest, the defendants refused to provide her with an explanation.

38. That a police van then transported the plaintiff to the 81st Precinct Station House where she was fingerprinted, photographed and searched.

39. After processing, the Plaintiff was relocated to Central Booking in Brooklyn, New York.

40. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER EHTASHAM KHAN advised the Office of the Kings County District Attorney's Office that Marihuana, MDMA, Crack Cocaine, unloaded semi-automatic pistol and a .380 casing were recovered from the plaintiff's room.

41. These allegations were false and Defendants POLICE OFFICER EHTASHAM KHAN knew the statements to be false at the time that they were made.

42. Defendant POLICE OFFICER EHTASHAM KHAN forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

43. Defendant POLICE OFFICER EHTASHAM KHAN knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

44. On November 14, 2013, the Plaintiff was arraigned on the criminal court complaint in the Kings County Criminal Court under Docket No.: 2013KN087475.

45. That under Docket No.: 2013KN087475, the plaintiff was charged with Penal Law Section 220.16, Criminal Possession of a Controlled Substance in the Third Degree; Penal Law Section 220.50, Criminally using Drug Paraphernalia in the Second Degree; Penal Law Section 221.15, Criminal Possession of Marihuana in the Fourth Degree; Penal Law Section 220.06, Criminal Possession of a Controlled Substance in the Fifth Degree; Penal Law Section 265.01-b, Criminal Possession of a Firearm; Penal Law Section 220.03, Criminal Possession of

a Controlled Substance in the Seventh Degree; Penal Law Section 221.10, Criminal Possession of Marihuana in the Fifth Degree; Penal Law Section 221.05, Unlawful Possession of Marihuana; and New York City Administrative Code Section 10-133, Possession of Knives or Instruments.

46.     At arraignment, the plaintiff was released on her own recognizance and the matter was adjourned to December 11, 2013 in Part AP1F for Grand Jury action.

47.     On December 11, 2013, the case was dismissed on the motion of the Kings County District Attorney's Office.

48.     Defendant POLICE OFFICER EHTASHAM KAHN, DETECTIVE CHRISTOPHER JENNINGS, DETECTIVE WALTER MARIN, DETECTIVE FAWAD KHAN and DETECTIVE JOSEPH SPATARO, brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

49.     To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

50.     As a direct and proximate result of an unlawful search and seizure, the Plaintiff makes a claim under the Fourth Amendment for the unlawful search itself, and seeks to recover damages from the time of detention until the arraignment.

51. As a result of the Defendants actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately two days for criminal charges without just cause.

52. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

53. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

54. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

55. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES

56. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-55 of this complaint, as though fully set forth therein.

57. That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the plaintiff, and/or the circumstances of the arrest.

58. The actions of Police Officer Defendants, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures.

59. By these actions, Defendant Police Officer's deprived Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST AND FALSE IMPRISONMENT

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1-59 of this complaint as though fully set forth therein.

61. The actions of Defendants, acting under the color of state law, deprived Plaintiff of her rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

62. By these actions, Defendants deprived Plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

63. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional and physical injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

## THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: MALICIOUS PROSECUTION

64. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-63 of this complaint, as though fully set forth therein.

65. That Defendant Police Officers initiated and continued a criminal proceeding against the Plaintiff.

66. That the criminal proceeding terminated in the Plaintiff's favor based on the dismissal by the motion of the Kings County District Attorney's office.

67. That Defendant Police Officers lacked probable cause for commencing the proceeding as the plaintiff was not the target of the warrant.

68. That Defendant Police Officers lacked probable cause for commencing the proceeding as no illegal drugs or contraband was recovered from the plaintiff's room.

69. That Defendants POLICE OFFICER EHTASHAM KAHN commenced the criminal proceeding against the Plaintiff with malice.

70. As a result of the foregoing, the Plaintiff is entitled to damages for her arrest and detention.

## FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

71. Plaintiff repeats and realleges the allegations contained in paragraphs 1-70 of this complaint and though fully set forth therein.

72. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

73. These policies, practices and customs include charging the Plaintiff under the New York Penal Law when the police attempt to cover up their wrongdoing.

74. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

75. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives,

sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

76.     This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009).

77. Indeed, it was determined in the <u>Floyd, et al. v. City of New York, et al.</u> cases that the New York Police Department had deliberately indifference to the need to train, supervise, and discipline its officers adequately in order to prevent a widespread patter of suspicionless and race-based stops.

78. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

79. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-78 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful search, false arrest and false imprisonment..

80. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-79 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States.

81. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

82. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### FIFTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint and though fully set forth therein.

84. Defendants, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution.

85. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in violation of Plaintiff constitutional rights including the right to due process, to have Plaintiff wrongfully prosecuted for a crime that he did not commit.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff VALERIE BLUE requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
       October 17, 2016

                                            /S/ Alexander M. Dudelson
                                            ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                            *Attorney for Plaintiff*
                                            26 Court Street - Suite 2306
                                            Brooklyn, New York 11242
                                            (718) 855-5100